58 So.2d 449

### STATE v. ROCKWOOD ALABAMA STONE CO.

8 Div. 626.

Supreme Court of Alabama.

April 17, 1952.

Si Garrett, Atty. Gen., and H. Grady Tiller and Wm. H. Burton, Jr., Asst. Attys. Gen., for appellant.

Guin & Guin, Russellville, for appellee.

FOSTER, Justice.

The one question on this appeal is whether crushed limestone, as prepared and sold by appellee, is a fertilizer excepted from the sales tax by section 755(g), Title 51, Code. That statute exempts from the sales tax "proceeds of the sale, or sales, of fertilizer. (But that) The word 'fertilizer' as used in this article shall not be construed to include cottonseed meal, when not in combination with other materials."

There was much evidence given ore tenus before the trial judge. A large part of it was by expert technicians and by practical farmers. From this evidence the court found, as shown by his decree, as follows:

"The court finds from the testimony that crushed limestone is used chiefly to combat soil acidity thereby serving as a soil conditioner, but also thereby improving the productivity as well as the physical condition of the soil, that calcium carbonate is one of the fourteen plant food elements, and that crushed limestone contains calcium carbonate though same is relatively a minor plant food that crushed limestone as so prepared and sold has no use other than to apply it to the soil, that such small plant food value in the

way of calcium as is possessed by crushed limestone is beneficial in the production of pasture grasses, alfalfa, clover, some row crops, and is also of some value in the production of beef cattle and in dairy farming."

Some of the witnesses expressed the view that the term "fertilizer" there used has the same significance as commercial fertilizer required by section 282, Title 2, Code, to be tagged. The professional chemists who testified, showed that they had reference to commercial fertilizer when speaking of fertilizer; that commercial fertilizer must contain nitrogen, phosphorus or potash. The limestone here in question has none of those ingredients. That unless it does contain some of those ingredients they do not classify it as a fertilizer. That this is because originally commercial fertilizers all contained such elements, and have since been commonly so classified.

The finding of the trial judge, as copied above, is well supported by the evidence if there is any conflict at all in it as to the facts so found.

The evidence also was without conflict that the limestone in question produced by appellee, referred to as crushed limestone, has no possible use other than as an aid to the production of crops, and that there is no market for it except for such use.

We expressed the view in the case of State v. Smith (State v. Flowerwood Nursery, Inc.), Ala.Sup., 55 So.2d 130, that[1] the term "fertilizer," as used in section 789(i), Title 51, Code, which is a part of the use tax law, was not limited to commercial fertilizer containing the elements and the requirements of section 282, Title 2, providing for tags to be placed upon commercial fertilizer bags. That feature of the use tax has the same language as that of the sales tax, with which we are now dealing, and that case was considering the question of whether peet moss was a fertilizer within the terms of that exception. The Court pointed out the fact that requirements of section 282 et seq., Title 2, were intended to protect the public, and especially the agricultural public, from impostures and frauds in the manufacture and sale of spurious and worthless combinations offered for sale as commercial fertilizers, and that if it had been the legislative intent to limit the exemption in the use tax to commercial fertilizer, or such as is referred to in section 282, supra, it would have so stated, but the exemption applies to all fertilizers, excepting cottonseed meal when not in combination with other material.

We of course recognize the fact that Article 22 of Title 2, beginning with section 347, requires a guaranteed analysis by the manufacturer of all pulverized limestone and other fertilizer materials, although not there classified as a fertilizer. We think it is clear that this classification of pulverized limestone does not take it out of the classification of a fertilizer because it is taken out of the classification of commercial fertilizer, referred to in section 282, supra. Construing those articles together, it would seem that the legislature was classifying commercial fertilizer in one article and certain fertilizer materials and other fertilizer in another article. For in section 293, Article 16, Title 2, it is provided that the term "fertilizer material" used in it shall not include common lime and other stated materials. So that it is perfectly clear that the legislature did not intend to put pulverized limestone in the same classification as commercial fertilizer and to be subject to the strictures of Article 16, Title 2, but specified other requirements with respect to it in Article 22, beginning with section 347. However, that has no relevancy in determining the question of whether the pulverized limestone used for the purposes as found by the trial court and quoted herein, and which were not useful for any other purpose, is not a fertilizer within the exception here under consideration.

It results that the judgment of the trial court is without error and it is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.

[1] 256 Ala. 426.